## Narehood *versus* Wilhelm *et al.*

1. By a clause in a deed, the grantor "reserved the timber except what (the grantee) has reserved for his own use, such as building houses, fencings, &c." The grantor entered the premises to cut and remove timber, alleging that he had not exhausted his reservation. In ejectment by the grantee, the jury found that the grantor had cut timber reserved to the grantee, but did not find that the grantor had exhausted his own right. *Held*, that ejectment could not be maintained.

2. Ejectment would not lie until the right to enter to take timber had been determined.

3. One exceeding his authority after an entry under authority of law, is a trespasser: *aliter* for abuse of authority after entry under contract.

4. A right to standing timber gives a right to the soil, so far as to protect the right and preserve the timber, and trespass lies against the owner of the soil or other person who cuts the timber unlawfully.

5. Boults *v.* Mitchell, 3 Harris 371, recognised.

March 28th 1871. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Clearfield county:* No. 176, to July Term 1868.

This was an action of ejectment brought January 9th 1866, by George Narehood against Jacob Wilhelm and others, for a tract of land in Graham township. The defendants pleaded, "Not guilty."

On the 30th of June 1848, Jacob Wilhelm, defendant, and

[Narehood *v.* Wilhelm.]

David Wann, by articles sold the premises to the plaintiff with the following reservation :

" And the said David Wann and Jacob Wilhelm, have reserved the timber, except what the said George Narehood has reserved for his own use, such as building houses and barns and fencing, and for all his own purposes on this tract 117 acres and 57 perches of land, and the said Wann & Wilhelm are to take away all the timber as fast as the said George Narehood clears the land out of his way, at any and all times, and when said Narehood gives said Wann & Wilhelm notice to *cut* and haul off the timber from any land he is or may be clearing, they shall be bound to remove it out of his way."

The case was called for trial before Linn, P. J., May 28th 1868. Before the jury was sworn the defendant filed this plea :—

" The defendants disclaim title to the land for which this action is brought, and claim title to the timber thereon growing, except timber enough for building purposes on the land (of which these premises are part), sold by Wann & Wilhelm to George Narehood, and the defendants aver that they were in possession of the said land lawfully engaged in cutting down and hauling away the timber thereon, belonging to Jacob Wilhelm or Wilhelm & Wann, which the defendants aver was their property by virtue of their reservation thereof, and because it was not necessary for building purposes thereon."

The plaintiff gave evidence that he had forbidden hands put on the premises, by the defendant, from cutting more timber ; that the defendant entered, notwithstanding, and cut and removed timber, and that there was not as much timber remaining on the premises when he entered as was required under the reservation.

The defendants asked the court to instruct the jury :—

" That this action cannot be maintained because : 1. The timber trees reserved are personal property for which, under the evidence in the cause, ejectment will not lie. 2. The defendants, under the contract of reservation, had the right of entry into and upon said lands for the purpose of removing timber so reserved, and that right had not been determined at the time of bringing this suit. 3. That the timber not fit for building, fencing or farming purposes preserved the right of entry therefor, inasmuch as it was the undisputed property of the defendant, and he had the right to enter for it, to make such use of it as he saw fit, until his right of entry therefor was determined in the mode pointed out in the contract."

The court left the question as to whether the defendants had exhausted the timber to which they were entitled to the jury, and reserved the question under the defendants' points.

19 P. F. Smith—5

[Narehood *v.* Wilhelm.]

The jury found for the plaintiffs.

The court afterwards delivered the following opinion on the question reserved:—

" The court in this case having instructed the jury to find for the plaintiff if they were satisfied from the evidence that at the time of the issuing of the writ in this case the defendants were cutting timber which under the reservation contained in the deed from James T. Leonard to George Narehood, dated August 27th 1853, belonged to Narehood for farm purposes as specified in the reservation, and the jury under further instructions as to how much and what kind of timber Wilhelm was obliged to leave for Narehood, found a verdict for the plaintiff for the land described in the writ, subject, however, to the opinion of the court, as to whether in any aspect in which the evidence can be viewed the plaintiff can recover in this form of action.    We come now to determine the point so reserved, viz: will an action of ejectment lie in this case ?    The plaintiff bases his right of action upon the fact that Wilhelm and those employed by him, and who are made co-defendants with him, have cut timber which belonged to Narehood, and should have been left to serve the purpose of the farm. But a careful examination of the legal principles applicable to the case, leads us to conclude that Wilhelm had a right to enter upon the land for the purpose of removing the reserved timber, and that having entered for such purpose the fact of his cutting trees which the jury have found were not within his reservation, does not make him a trespasser so as to render him liable to an action of ejectment.    He had a right, as we think, to enter for the purpose of ascertaining the extent of his rights and asserting them, and having so entered by right, his cutting down one or more trees more than he was entitled to, under the deed of conveyance, does not subject him to this form of action.

" Judgment is therefore ordered to be entered for the defendants, *non obstante veredicto.*"

The plaintiff took a writ of error and assigned for error the entering of judgment for the defendants.

*J. B. McEnally* for plaintiff in error, cited 2 Tr. & H. Pr. 301; McMahan *v.* McMahan, 1 Harris 376; Law *v.* Patterson, 1 W. & S. 184: Hill *v.* Hill, 7 Wright 521; Boults *v.* Mitchell, 3 Harris 371; Ulsh *v.* Strode, 1 Id. 433.

There was no appearance or paper book for defendants in error.

The opinion of the court was delivered, October 9th 1871, by

Agnew, J.—It is very difficult to reach the merits of this case. The charge to the jury is not in the record, and seems not to have been excepted to.    We have before us only the opinion of the

[Narehood v. Wilhelm.]

court upon the reserved point. In that we are informed by the court that the jury were instructed to find for the plaintiff, if satisfied from the evidence that at the time of issuing the writ the defendants were cutting timber which under the reservation in Narehood's deed belonged to him for farm purposes, as specified in the reservation. It does not appear that the question was submitted whether Wilhelm had cut all the timber under his reservation to which he was entitled. According to the evidence on his part, there remained timber to be cut to the extent of ten or eleven thousand square feet; and the opinion upon the reserved point seems to proceed wholly on the ground that he had a right of entry to remove the timber. In this state of the record the only fact determined by the jury is, that Wilhelm caused his men to cut timber that belonged to Narehood. But this alone would not enable Narehood to maintain ejectment against Wilhelm, without the further fact being found that Wilhelm had exhausted all his own timber, and therefore had no longer a right of entry to cut timber under his reservation. This is one of the very points decided in Boults v. Mitchell, 3 Harris 371. The distinction there taken is between an entry under authority of law, and an entry by contract, or under the authority of a party. An excess in the exercise of the former right converts the tort feasor into a trespasser, but an abuse of the latter works no such effect. Hence, if a right of entry existed to take timber, the cutting of timber not within the right, does not destroy the right itself. Until the right itself was determined it was there held that the owner of the land could not maintain trespass *quare clausum fregit* against one having a right by deed or contract to take timber. Ejectment, therefore, will not lie until the right to enter to take the timber has been determined, and this fact not being found by the jury, the right of entry on part of Wilhelm continued. It is now settled that a right to growing or standing timber carries with it a right of soil so far as is necessary to protect the right and preserve the timber; and that the owner of such a right can maintain trespass *quare clausum fregit* against one, even the owner of the soil, who cuts down the timber unlawfully: Boults v. Mitchell, 3 Harris 380; Greber v. Kleckner, 2 Barr 290; 2 Saunders on Pl. and Ev. 866–7*. Even a tenant, whose term has expired, and who has paid his rent and surrendered his possession, may have trespass *quare clausum fregit* for his way-going crop: Stultz v. Dickey, 5 Binn. 285. We do not see, therefore, that the court erred in holding that ejectment would not lie in this case. If the fact be that Wilhelm had cut all the timber under his reservation, and had no right of entry when this ejectment was brought, the plaintiff ought to have asked such instructions as would require a verdict upon this fact, so as to show that Wilhelm's right of entry had ceased to exist when he brought his

[Narehood *v.* Wilhelm.]

ejectment. As the record stands we perceive no error upon which we should reverse the judgment.

Judgment affirmed.